Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, at the hearing before the Deputy Commissioner and by post hearing agreement as
STIPULATIONS
1. On 18 October 1994, the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant.
3. Plaintiff's responses to defendant's discovery requests, marked as Stipulated Exhibit 1, are stipulated into evidence.
4. Nine pages of records concerning plaintiff's employment with McGee's Crating, Inc., collectively marked as Stipulated Exhibit 2, are stipulated into evidence.
5. A set of records, including an Emergency Medical Response Report, a Medical Examiners Report, a substance abuse test report and plaintiff's medical records, collectively marked as Stipulated Exhibit 3, are stipulated into evidence.
6. Seventeen pages of records relating to plaintiff's post-injury employment and efforts to obtain employment, collectively marked as Stipulated Exhibit 4, are stipulated into evidence.
7. Plaintiff's medical records from Catawba Memorial Hospital, Caldwell Memorial Hospital and Dr. Bowen received from defendant's counsel on 14 November 1995, collectively consisting of seventeen pages, are stipulated into evidence.
EVIDENTIARY RULINGS
The objections appearing in the deposition of Trooper Robert Edward Raper, Jr., are OVERRULED, except for the objection appearing on page 20 which is SUSTAINED.
**************
Based upon all of the competent evidence adduced at the hearing, the Full Commission adopts the findings of fact of the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On 18 October 1994, defendant was performing asphalt paving in the vicinity of the intersection of Highway 16 and Interstate Highway 40 in Catawba County, North Carolina. Plaintiff was employed by defendant as a "shovel man", "helper" or general laborer. Plaintiff's duties were various, however, they included driving small trucks, a "tack" (tar) truck and working as a flag man.
2. On 18 October 1994, plaintiff was working with a crew consisting of himself, Todd Hemphill, Bobby Shull and their foreman Ray Pearson. On that day, Mr. Shull was assigned to operate a broom tractor and plaintiff was driving a "tack" truck. Plaintiff and Shull, who were preparing the roadway for paving, moved approximately one-half mile away from the other employees who were engaged in the paving operation. The other employees were working in close proximity to the intersection of Highway 16 and Interstate Highway 40. There were two convenience stores located at this intersection.
3. After working away from the rest of the crew, plaintiff and Shull paused to allow the crew to catch up. At that time, Shull dismounted the tractor and approached the truck being driven by plaintiff. Plaintiff observed Shull carrying two empty beer containers. Shull placed the empty beer containers into the truck. Shull and plaintiff discussed driving to a store. Shull informed plaintiff that he knew where another store was located and the two decided that Shull would drive the "tack" truck to the other store.
4. When Shull entered the driver's seat, plaintiff believed that Shull was going to drive the vehicle to a store to purchase more beer. Plaintiff and Shull intended to go to the other store so that they would not be observed by Mr. Pearson or the other employees. Shull and plaintiff intended to go to the store and return before Mr. Pearson returned to the work site from completing an errand.
5. The two convenience store/gas stations located at the intersection of Highway 16 and Interstate Highway 40 were approximately one-half mile from the place where Shull and plaintiff were working. These stores were slightly beyond the area where the remainder of defendant's paving crew was working.
6. Instead of driving to either of the nearby stores, Shull and plaintiff drove the "tack" truck toward a store that was approximately four miles from the place where they had been working. Prior to arriving at the store, Mr. Shull lost control of the vehicle in a sharp curve and caused the vehicle to roll over. During the crash, plaintiff was thrown through the truck's windshield. Mr. Shull died as a result of the injuries he sustained in the accident.
7. Prior to 18 October 1994, plaintiff knew that defendant had previously discharged Shull for consuming alcohol while on the job. Plaintiff also knew that Shull continued to consume alcohol while working and that he did so on a daily basis. Plaintiff had observed Shull, prior to work, waiting to purchase alcoholic beverages from the convenience stores at the intersection of Highway 16 and Interstate Highway 40.
8. At the time on the crash, plaintiff was not performing the duties of his position with defendant-employer. Plaintiff was not attending to his personal needs at the time of the crash. Assuming that plaintiff traveled to the other store so that he could purchase a soft drink or other non-intoxicating beverage, he acted unreasonably by traveling a distance of four miles to buy a drink when he could have purchased a drink at a store that was only one-half mile away.
**************
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
*************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Under the law, plaintiff's claim for workers' compensation must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________ COY M. VANCE COMMISSIONER
S/ _____________ THOMAS J. BOLCH COMMISSIONER
BSB:md